STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
JACQUELINE ANN HUGHES, RESPONDENT.
686 N.W.2d 588

Filed September 24, 2004.   No. S-04-694.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Jacqueline Ann Hughes, was admitted to the practice of law in the State of Nebraska on April 25, 2002, and at all times relevant hereto was engaged in the private practice of law in Lincoln, Nebraska. On June 15, 2004, formal charges were filed against respondent. The formal charges set forth one count that included charges that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule); DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); DR 1-106(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and DR 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law); as well as her oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). On July 26, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which she knowingly did not challenge or contest the

truth of the allegations that she violated DR 1-102(A)(1), (3), (4), and (6), as well as her oath of office as an attorney, and in which she in effect waived all proceedings against her in connection therewith in exchange for a stated form of consent judgment of discipline outlined below. Upon due consideration, the court approves the conditional admission.

## FACTS

In summary, the formal charges allege that respondent gained access to "blank prescription forms from her former husband's medical practice" and that from September 2002 through June 2003, respondent forged prescriptions to obtain the narcotic pain medication "Hydrocodone." In late fall 2003, respondent was cited for one count of "Obtaining a Controlled Substance — Forged Prescription," a Class IV felony. The formal charges further allege that following her citation, respondent enrolled in a pretrial diversion program. In the event of her successful completion of her diversion program, the criminal charge will not be prosecuted. Additionally, we note that in her conditional admission, respondent indicates she has completed an out-of-state drug treatment program and has executed a monitoring contract, as amended, with the Nebraska Lawyers Assistance Program (NLAP).

## ANALYSIS

Rule 13 provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives

all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly does not challenge or contest the essential relevant facts outlined in the formal charges and knowingly does not challenge or contest that she violated DR 1-102(A)(1), (3), (4), and (6), as well as her oath of office as an attorney. We further find that respondent waives all proceedings against her in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1), (3), (4), and (6), as well as her oath of office as an attorney, and that respondent should be and hereby is suspended from the practice of law for a period of 6 months, effective immediately, after which time respondent may apply for reinstatement. Should respondent apply for reinstatement, her reinstatement shall be conditioned as follows: (1) Respondent shall provide satisfactory evidence of her successful completion of the pretrial diversion program; (2) respondent shall provide satisfactory evidence of her compliance with the terms of her NLAP amended monitoring contract during the period of her suspension; (3) respondent shall agree to be on probation for a period of 2 years following reinstatement, during which period respondent shall continue to comply with the terms of her NLAP amended monitoring contract; and (4) respondent shall have paid costs and expenses ordered below within 60 days after an order imposing costs and expenses, if any, is ordered by the court. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, she shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue

1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001).

JUDGMENT OF SUSPENSION.